En el Tribunal Supremo de Puerto Rico

| In re: | |
| --- | --- |
| Enmiendas a los Cánones de Etica Judicial | 99 TSPR 170 |

Número de Resolución: ER-1999-8

Fecha: 11/12/1999

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

    Enmiendas a los Cánones
    de Etica Judicial

ER99-8

RESOLUCION

San Juan, Puerto Rico a 12 de noviembre de 1999

El discrimen por razón de género, así como cualquier otro tipo de discrimen, no tiene cabida en nuestro sistema judicial. Por tanto, estudiadas las recomendaciones de la Comisión Judicial Especial para Investigar el Discrimen por Razón de Género en los Tribunales y del Comité de Igualdad y Género, adscrito al Secretariado de la Conferencia Judicial, a los fines de prohibir expresamente toda manifestación de discrimen por parte de la judicatura, se enmienda el Canon XI. Además, para conformar el lenguaje de los cánones con la política pública respecto a la neutralidad del género, se enmiendan los Cánones de Etica Judicial y se unen a esta resolución.

Se ordena la publicación de la presente resolución.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Negrón García no interviene. El Juez Asociado señor Fuster Berlingeri no intervino.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo

Isabel Llompart Zeno
Secretaria del Tribunal Supremo

## A. De las atribuciones y deberes generales

### Canon I

La fe de un pueblo en la justicia, como valor esencial de la democracia, debe ser mantenida por los tribunales a los más altos niveles de la responsabilidad pública.

En el ejercicio de su delicada función, aquellas personas llamadas a impartir justicia, conscientes de la posición que ocupan en la sociedad y de la trascendencia de su misión, deben velar por que sus actuaciones respondan a normas de conducta que honren la integridad e independencia de su ministerio y estimulen el respeto y la confianza en la Judicatura.

### Canon II

Para el cabal desempeño de sus funciones, la Jueza o el Juez debe ser laborioso, prudente, sereno, imparcial y cuidadoso en la interpretación de la ley, estar consagrado al estudio del Derecho y ser diligente en el empeño de descubrir los hechos esenciales de cada controversia.

En el cumplimiento de este deber, la Jueza o el Juez resolverá cada controversia a base de su propia evaluación de la prueba presentada. En cualquier asunto sometido a su consideración, podrá, cuando a su juicio lo requieran los fines de la justicia, solicitar de las partes proyectos de sentencias, resoluciones u órdenes.

### Canon III

Los deberes judiciales del Juez o de la Jueza tendrán prelación sobre cualquier otra actividad.

Sin menoscabo del cabal cumplimiento de sus deberes, el Juez o la Jueza podrá participar en actividades que propendan al mejoramiento del Derecho y del sistema de impartir justicia.

En aras de la preservación de la integridad e independencia judicial todo planteamiento relativo al mejoramiento del sistema judicial se canalizará a través de la oficina del Juez Presidente o de la Jueza Presidenta del Tribunal Supremo quien será el o la portavoz de dichas aspiraciones ante los organismos correspondientes. Ningún Juez o ninguna Jueza podrá abandonar o descuidar las obligaciones de su cargo.

### Canon IV

Los Jueces y las Juezas deben mantener las mejores relaciones y cooperar entre sí para lograr la más eficiente administración de la justicia. Su conducta debe enmarcarse en el respeto mutuo, la cordialidad y la colaboración profesional, sin que importen las

diferencias en sus posiciones relativas dentro del sistema judicial. Se cuidarán de hacer críticas infundadas o innecesarias que tiendan a menospreciar el prestigio de sus compañeros Jueces o compañeras Juezas. Velarán por que la conducta de éstos y éstas se ajuste a estos cánones tanto en su proceder personal como en el desempeño de las funciones judiciales. El Juez o la Jueza debe promover los procedimientos disciplinarios que procedan contra cualquier Juez o Jueza, abogado o abogada que actúe impropia o deshonrosamente, cuando así le conste personalmente.

**Canon V**

El Juez o la Jueza cumplirá cuidadosa y diligentemente las obligaciones administrativas que le imponen las leyes y reglamentos aplicables a la Rama Judicial y las instrucciones de la Oficina de la Administración de los Tribunales.

**Canon VI**

Al nombrar peritos, tasadores y comisionados o administradores judiciales, síndicos, árbitros y tutores u otras personas para asistir al tribunal en su función judicial, el Juez o la Jueza se cuidará de que tales designaciones recaigan en personas de probada idoneidad profesional e integridad moral. Ningún nombramiento se hará a base de favoritismos personales. El Juez o la Jueza supervisará cuidadosamente las labores de dichas personas.

**Canon VII**

En el desempeño de funciones electorales, el Juez o la Jueza cuidará de que sus actuaciones se ajusten a estos cánones, y se hagan dignas del respeto y la confianza pública. Su conducta ha de excluir cualquier posible inferencia de que actúa a base de influencias político-partidistas.

El desempeño de funciones electorales no releva al Juez o a la Jueza del cumplimiento de sus deberes judiciales y administrativos en la sala a que esté asignado o asignada, ni de cualquier otra responsabilidad para con el Tribunal General de Justicia o la Oficina de Administración de los Tribunales.

**Canon VIII**

El Juez o la Jueza no debe aceptar posiciones, cargos o encomiendas que sean incompatibles con sus responsabilidades judiciales. Tampoco debe contraer obligaciones y compromisos o desempeñar funciones que puedan entorpecer el descargo adecuado de sus tareas judiciales. Debe evitar toda actividad que le reste dignidad a su posición como Juez o Jueza o que origine notoriedad indeseable. Su participación en labores o entidades privadas debe limitarse a actividades que no

le resten tiempo de sus funciones judiciales ni pongan en riesgo la imagen de imparcialidad y sobriedad que enaltece a la judicatura.

Dentro del significado y espíritu de los anteriores principios, es incompatible el cargo de Juez o Jueza con cualquier puesto en las ramas ejecutiva o legislativa, en los gobiernos municipales o en cualquier otro organismo del Estado.

También es incompatible el cargo de Juez o Jueza con cualesquiera de los siguientes cargos, funciones o actividades:

(a) Presidente o Presidenta, Director Ejecutivo o Directora Ejecutiva o funcionario o funcionaria del Colegio de Abogados de Puerto Rico.

(b) Miembro de la Junta de Gobierno del Colegio de Abogados o de las directivas de las delegaciones de distrito y organismos locales de dicha institución.

(c) Miembro de cualquier comisión del Colegio de Abogados, cuya función plantee conflicto con estos cánones.

(d) Presidente o Presidenta, director o directora, funcionario o funcionaria o miembro de comisión de cualquier otra agrupación o asociación de abogados y abogadas en Puerto Rico.

(e) Presidente o Presidenta, director o directora o funcionario o funcionaria de cualquier organismo público.

(f) Tutor o tutora, albacea, síndico, administrador o administradora o cualquier posición fiduciaria, excepto cuando se relacione con su familia, hasta el tercer grado de consanguinidad o afinidad.

(g) Arbitro o árbitra, mediador o mediadora o amigable componedor o componedora, excepto cuando la ley le asigne tales funciones.

El Juez o la Jueza no debe participar directa ni indirectamente en campañas electorales de candidatos o candidatas que aspiren a ocupar cargos en el Colegio de Abogados o en cualquier otra agrupación de abogados o abogadas, en sus Juntas de Gobierno o en las directivas de sus delegaciones de distrito y organismos locales. Salvo el ejercicio de su derecho al voto, no debe apoyar a candidata o candidato alguno para dichas posiciones.


**Canon IX**

El Juez o la Jueza no podrá ejercer la abogacía que incluye la notaría. Deberá abstenerse de hacer recomendaciones sobre abogadas o abogados específicos que deban utilizarse con respecto a controversias entre ciudadanos o ciudadanas o asuntos profesionales en general.

**Canon X**

(a) El juez o la jueza no deberá prestar servicios extrajudiciales remunerados, excepto en actividades que no sean incompatibles con estos cánones y cuya prestación no afecte adversamente el fiel y diligente desempeño de sus labores y funciones judiciales. El Juez Presidente o la Jueza Presidenta podrá discrecionalmente, mediante dispensa a ser solicitada anualmente, autorizar dichos jueces o juezas a prestar tales servicios extrajudiciales.

La fuente de dicha remuneración o la manera en que se hacen los pagos no debe dar base a la creencia de que se ejerce o pretende ejercer influencia indebida en el Juez o la Jueza. La remuneración recibida no debe exceder la que bajo iguales circunstancias correspondería razonablemente a una persona que no fuera miembro de la judicatura.

(b) Todo juez o jueza deberá presentar anualmente, en o antes del 15 de marzo, un informe de divulgación de la actividad extrajudicial por la cual reciban remuneración, expresando la fecha, el lugar, el importe y el nombre de la persona jurídica que la satisfizo y de la actividad financiera suya y de su núcleo familiar, que cubra el año natural anterior. El Tribunal Supremo aprobará, mediante reglamento, las normas sobre el contenido de dicha información de divulgación, las personas y actividad que el mismo cubrirá y el acceso a dicha información. Los jueces o las juezas del Tribunal Supremo, del Tribunal de Circuito de Apelaciones y del Tribunal de Primera Instancia, someterán sus informes al Secretario o a la Secretaria del Tribunal Supremo.

**B.   De la imparcialidad e independencia judicial**

**Canon XI**

La Jueza o el Juez no solamente ha de ser imparcial sino que su conducta ha de excluir toda posible apariencia de que es susceptible de actuar a base de influencias de personas, grupos o partidos, o de ser influido por el clamor público, por consideraciones de popularidad o notoriedad, o por motivaciones impropias. Ha de tener siempre presente que su único empeño debe ser el de impartir justicia de conformidad con el Derecho aplicable, con absoluta ecuanimidad, y sin preocuparle el reconocimiento que pueda darse a su labor, ni la crítica injusta.

En el ejercicio de su labor judicial, la Jueza o el Juez no deberá incurrir en conducta constitutiva de discrimen por motivo de raza, color, nacimiento, origen, condición socio-económica, ideas políticas o religiosas,

condición física, edad o género. Evitará que sus palabras o su conducta puedan interpretarse en forma alguna como manifestaciones de discrimen o prejuicio por tales motivos, y no deberá permitir manifestaciones de esa índole por parte del personal, oficiales del tribunal u otras personas que actúen bajo su dirección y control.

La Jueza o el Juez deberá requerir de los abogados y las abogadas que, durante los procedimientos judiciales, se abstengan de manifestar, mediante palabra o conducta, discrimen o prejuicio alguno por razón de raza, color, nacimiento, origen, condición socio-económica, ideas políticas o religiosas, condición física, edad o género, respecto a partes, testigos, abogados, abogadas y demás personas. Esta prohibición excluye alusiones a dichas condiciones o factores cuando se refieran a un asunto que está legítimamente en controversia.

La Jueza o el Juez no permitirá que los miembros de la profesión jurídica que actúan en su sala, hostiguen o intimiden a cualquier persona por las razones antes mencionadas.

La Jueza o el Juez hará todo lo posible para que los funcionarios o las funcionarias y empleados o empleadas del tribunal que actúen bajo su dirección actúen de conformidad con todos estos principios en la medida en que sean aplicables a sus labores.

**Canon XII**

La Jueza o el Juez no debe entender en procedimiento judicial alguno en que la ley le prohíba actuar, incluyendo, pero sin limitarse a cualesquiera de los casos siguientes:

(a) Por tener prejuicio o parcialidad hacia cualesquiera de las personas, los abogados o las abogadas que intervengan en el pleito o por haber prejuzgado el caso.

(b) Por estar directa o indirectamente interesado en el resultado del caso.

(c) Por haber sido abogado o abogada, asesor o asesora de cualesquiera de las partes o de sus abogados en la materia en controversia, o fiscal en una investigación o procedimiento criminal en el que los

hechos fueron los mismos presentes en el caso ante su consideración.

(d) Por haber presidido el juicio del mismo caso en un tribunal inferior o por haber actuado como magistrado a los fines de expedir la orden de arresto o citación para determinar causa probable en la vista preliminar de un procedimiento criminal.

(e) Por existir parentesco de consanguinidad o afinidad dentro del cuarto grado con la persona acusada, con la víctima del delito, con el abogado defensor o la abogada defensora o el o la fiscal o con un miembro del jurado en un procedimiento criminal, o con cualesquiera de las partes o sus representantes legales en un procedimiento civil.

(f) Por intervenir en el procedimiento una persona natural que le haya facilitado o gestionado algún préstamo, o una persona jurídica que le haya facilitado o gestionado algún préstamo en el que no se hayan dispensado las garantías o condiciones usuales.

(g) Por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia.

El Juez o la Jueza deberá inhibirse tan pronto conozca de la causa de inhibición mediante resolución escrita en la que hará constar dicha causa, con notificación de la misma a todas las partes.

**Canon XIII**

Los Jueces y las Juezas deben proteger y promover la independencia del poder judicial como factor de equilibrio en la estructura gubernamental de nuestro sistema de vida democrática. A tal fin, el Juez o la Jueza debe abstenerse de participar en el proceso político, sin menoscabo, desde luego, de su derecho al sufragio, a sus propias ideas sobre cuestiones políticas, y a los deberes y funciones que le fijan las leyes y reglamentos electorales.

Sin que la siguiente enumeración excluya otras actividades que por su carácter político le están vedadas, el Juez o la Jueza no debe:

(a) Participar en campañas políticas de clase alguna;

(b) Ocupar cargos en organismos o partidos políticos;

(c) Aportar dinero, en forma directa o indirecta, a candidatos o candidatas, organismos o partidos políticos.

(d) Participar en reuniones, tertulias, asambleas; convenciones, primarias u otros actos de carácter político-partidista;

(e) Endosar candidatos o candidatas para posiciones electivas o de nombramiento gubernamental o líderes políticos;

(f) Hacer expresiones, comentarios o manifestaciones públicas sobre asuntos o actos de naturaleza política o partidista;

(g) Mantener relaciones estrechas que le identifiquen con figuras o líderes políticos;

(h) Participar en reuniones con funcionarios o funcionarias gubernamentales sobre asuntos que guardan estrecha relación con cuestiones políticas;

(i) Atacar públicamente o entablar polémicas con candidatos o candidatas o líderes políticos, sin menoscabo, desde luego, de su derecho a defenderse de ataques abusivos a su persona o a su honra;

(j) Fomentar los intereses de organismo o partido político alguno.

El Juez o la Jueza debe estar y sentirse exento de toda influencia política y no debe dar base con su conducta para la creencia de que sus ideas políticas influyen en el cumplimiento de sus funciones judiciales.

Es deber del Juez o la Jueza, además, velar porque los otros funcionarios o funcionarias y empleados o empleadas de los tribunales que estén bajo su dirección no empañen con su conducta política la imagen de imparcialidad del sistema judicial.

**Canon XIV**

El Juez o la Jueza deberá intervenir durante el curso de cualquier procedimiento judicial para evitar dilaciones injustificadas y para esclarecer cualquier extremo o impedir una injusticia. Aunque es función y derecho de los abogados y las abogadas presentar el caso de sus respectivos clientes y clientas en la forma más favorable a sus méritos, es ministerio fundamental del Juez o la Jueza velar por que ninguna persona sufra una injusticia. En todo momento y por sobre toda otra consideración, sus actuaciones han de auspiciar el descubrimiento de la verdad como base esencial de la justicia.

El Juez o la Jueza tendrá siempre presente que no es un simple árbitro o árbitra o el retraído moderador o moderadora de un debate sino que es partícipe y actor o actriz principal en el esclarecimiento de la verdad y en la determinación de lo que es justo y puede, con mayor libertad en casos celebrados sin jurado, ser participante activo o activa en la búsqueda de la verdad siempre que no vulnere la imparcialidad que su alto oficio reclama. No obstante, se abstendrá de unirse en solidaridad con cualesquiera de las partes mediante interrogatorios injustificados, pronunciamientos sobre los méritos de la causa o comentarios impropios o perjudiciales.

Al dictar sentencia y determinar la severidad de la pena en los casos criminales no deberá el Juez o la Jueza permitir que en su ánimo influya el ejercicio por la persona acusada de su derecho a defenderse.

**Canon XV**

El Juez o la Jueza no debe celebrar entrevistas privadas con las partes o sus abogadas o abogados, ni permitir comunicaciones o argumentos de los mismos que pretendan influir su actuación judicial en asuntos de su competencia o bajo su consideración cuando los otros intereses que puedan ser afectados no estén representados ante él o ella, excepto en casos no contenciosos en los que deberá ser muy cauteloso o cautelosa.

**C.    Del comportamiento en Sala**

**Canon XVI**

La Jueza o el Juez debe ser considerado y respetuoso con los abogados y las abogadas, especialmente con aquellas personas que comienzan a ejercer la profesión. Ha de serlo también con los o las testigos, jurados, funcionarios o funcionarias del tribunal y todos los que comparezcan ante él o ella. Sin embargo, debe evitar atenciones desmedidas hacia estas personas. Velará, además, por que los abogados y las abogadas y los otros funcionarios o funcionarias o empleados o empleadas del tribunal bajo su dirección mantengan igual conducta.

**Canon XVII**

El Juez o la Jueza dirigirá los trabajos del tribunal con orden y decoro y estará alerta contra todo proceder que pueda afectar la dignidad y el respeto debidos al tribunal. Intervendrá para impedir cualquier conducta impropia de las partes, los abogados y las abogadas o cualquier otra persona, y tomará la acción que en su discreción proceda de acuerdo con la ley, los cánones de ética profesional y las mejores tradiciones del sistema judicial.

En el curso de los procedimientos judiciales, el Juez o la Jueza mantendrá su actitud general, sus manifestaciones y el tono de su voz dentro de la debida propiedad y circunspección sin mostrar impaciencia o severidad excesivas. Tampoco hará comentarios ni gestos ajenos al proceso judicial, entendiéndose comprendidos dentro de esta prohibición, aquellos comentarios, expresiones o gestos que envuelvan burla o mofa; ni ridiculizará de modo alguno a los abogados o las abogadas, las partes, los o las testigos, funcionarios o funcionarias del tribunal o a otras personas que a él o ella acudan.

Cuando sea necesario, el Juez o la Jueza podrá elogiar o censurar la conducta de los abogados y las abogadas pero, hasta donde sea posible, deberá hacerlo desde el estrado o en sus resoluciones o sentencias y siempre con la debida moderación y ecuanimidad.

**Canon XVIII**

El Juez o la Jueza ha de mantener el proceso judicial en un ambiente de solemnidad y respeto. El tomar fotografías o películas en el salón del tribunal

durante la celebración de sesiones judiciales o recesos entre dichas sesiones, y el radiodifundir o televisar procedimientos judiciales, restan dignidad al tribunal, pueden distraer al testigo que esté prestando testimonio y pueden obstaculizar el logro de un juicio imparcial, por lo que ello no debe permitirse. Podrá, no obstante, permitirse la toma de fotografías o películas en ocasiones estrictamente ceremoniales.

El Juez o la Jueza podrá además permitir la grabación o reproducción de procedimientos judiciales para fines educativos, a solicitud de instituciones universitarias acreditadas y bajo las siguientes condiciones:

(a) Cuando el medio de grabación o reproducción no distraiga a los testigos y demás participantes ni en forma alguna menoscabe la dignidad del procedimiento.

(b) Cuando se haya obtenido previamente el consentimiento de las partes afectadas y de todos los testigos.

(c) Cuando la grabación o reproducción así obtenida vaya a ser exhibida o utilizada luego de que el procedimiento de que se trate haya sido adjudicado en forma final y firme. El Juez o la Jueza tomará las providencias para que dichas grabaciones permanezcan bajo la custodia del tribunal hasta que toda la prueba testifical haya desfilado.

Las prohibiciones contenidas en este canon no se aplicarán al uso oficial de grabadoras o máquinas autorizadas por la Oficina de Administración de los Tribunales, o al uso de grabadoras o equipo similar por los abogados y las abogadas de las partes.

**Canon XIX**

El Juez o la Jueza debe ser puntual en el cumplimiento de sus obligaciones, y reconocerá el valor que tiene el tiempo de los abogados y las abogadas, litigantes, jurados, testigos y todos los que ante él o ella comparezcan, ya que la falta de puntualidad crea malestar que se refleja en la administración de la justicia.

A menos que las circunstancias de los asuntos del calendario ante su consideración se lo impidan, será deber del Juez o de la Jueza comenzar las sesiones a las horas regulares de sesión de conformidad con la reglamentación vigente. Cuando se vea impedido o impedida de hacerlo, deberá explicar a las partes, a los

abogados o las abogadas y al público las razones que le impidieron abrir la sesión a la hora señalada.

**Canon XX**

El Juez o la Jueza deberá esforzarse por evitar que las partes causen demoras injustificadas en los litigios y deberá ser diligente en el despacho de los asuntos sometidos a su consideración. Debe examinar cuidadosamente las solicitudes de suspensión o de prórroga y aprobarlas sólo cuando estén plenamente justificadas.

**D.  De las influencias indebidas**

**Canon XXI**

El Juez o la Jueza no debe utilizar su poder o el prestigio de su cargo para fomentar el éxito de negocios privados o para su beneficio personal. Tampoco debe tener relaciones de negocios que en el curso normal de acontecimientos razonablemente previsibles puedan poner sus intereses personales en conflicto con el cumplimiento de sus deberes. La participación de cualquier Juez o Jueza en negocios privados que no aparejen tales conflictos de intereses debe realizarse con la mayor cautela y prudencia a fin de evitar malas impresiones o la apariencia de conducta impropia. El Juez o la Jueza debe evitar particularmente dar base para la sospecha razonable de que pueda estar utilizando las prerrogativas o influencias de su cargo para su beneficio personal o el de otras personas.

El Juez o la Jueza no debe realizar gestión alguna ni permitir el uso de su nombre para recolectar fondos, no importa el propósito o destino de éstos. Dicha prohibición incluye solicitar donativos o aportaciones de personas o entidades para el Colegio de Abogados de Puerto Rico o para organizaciones cívicas, benéficas, profesionales o de cualquier otra índole.

**Canon XXII**

El Juez o la Jueza debe abstenerse de realizar gestiones para lograr ascensos en la judicatura o para obtener otro cargo público.

Esta prohibición incluye todo tipo de gestión tanto en beneficio suyo como en favor de otra persona, pero excluye los trámites oficiales ante los organismos que asesoran al Poder Ejecutivo y al Poder Legislativo sobre nombramientos judiciales.

**Canon XXIII**

El Juez o la Jueza debe evitar toda conducta o actuación que pueda dar base a la creencia de que ejerce o pretende ejercer influencia indebida en el ánimo de otro Juez o Jueza en la consideración de un caso pendiente o futuro. El Juez o la Jueza no debe influir ni directa ni indirectamente, para conseguir colocarse en mejor situación que cualquier otro ciudadano o ciudadana en el litigio de sus causas personales.

El Juez o la jueza no debe dar la impresión ni permitir que otros den la impresión al efecto de que éstos pueden tener alguna influencia sobre aquél o aquélla.

El Juez o la Jueza no debe prestar testimonio por iniciativa propia como testigo de reputación.

## E. Del comportamiento público

### Canon XXIV

No es necesario ni deseable que la Jueza o el Juez viva en el aislamiento. Sin embargo, ha de ser escrupuloso en evitar actuaciones que razonablemente puedan dar lugar a la impresión de que sus relaciones sociales, de negocios, de familia o de amistad influyen en alguna forma en sus determinaciones judiciales.

Dentro del significado y espíritu de la norma anterior, y sin que la siguiente enumeración excluya otras actividades impropias, la Jueza o el Juez no debe:

(a) Aceptar invitaciones a comidas, fiestas, ágapes u otras formas de diversión o recreo cuando provienen de personas que tienen interés en alguna decisión o determinación suya; o cuando provienen de abogados o abogadas que postulan ante él y que, por razón de la frecuencia, ostentación o notoriedad de dichas actividades, exceden lo que es prudente y razonable.

(b) Asistir a lugares de dudosa reputación.

(c) Ingerir bebidas alcohólicas inmoderadamente en sitios públicos.

(d) Aceptar regalos o préstamos provenientes de personas o abogadas o abogados que puedan ser afectados por alguna decisión o determinación suya. Tampoco deberá aceptar regalos o préstamos de abogados o abogadas o personas que no sean sus parientes, si excede lo que es prudente y razonable.

(e) Permitir que los parientes que residan con él o ella acepten los regalos o préstamos que a él o a ella le están prohibidos.

(f) Participar en agasajos, ceremonias de reconocimiento y otros festejos en su honor, con excepción de la actividad que tradicionalmente ofrece el Colegio de Abogados en ocasión del nombramiento de nuevas Juezas o nuevos Jueces, de los agasajos que se

ofrecen en ocasión de la jubilación de la Jueza o del Juez, y de ceremonias de reconocimiento por méritos literarios, artísticos, deportivos o científicos, ofrecidos por entidades *bona fide* .

(g) Utilizar los servicios de la Policía, de los empleados o empleadas de los tribunales u otros funcionarios o funcionarias gubernamentales para asuntos no oficiales.

**Canon XXV**

El Juez o la Jueza no debe discutir fuera de estrado asuntos que estén sometidos a su consideración ni tampoco explicar la razón de sus actuaciones. Debe abstenerse particularmente de hacer declaraciones públicas sobre esos asuntos y no debe permitir que las hagan los funcionarios o las funcionarias o empleados o empleadas bajo su dirección.

**F.  Canon final**

**Canon XXVI**

Los anteriores cánones de ética judicial son normas mínimas de comportamiento que todo Juez y toda Jueza debe observar fielmente, tanto en su letra como en su espíritu, por ser consustanciales con el cargo judicial. Estos cánones no excluyen otras normas de conducta que también obligan al Juez y a la Jueza, que están establecidas por ley o que son inherentes al honor tradicional de la judicatura.